October 12, 1767. Bill'sets forth that the will of Royal Spry bequeathed half his personal property to Joseph Spry upon reaching the age of twenty-one years or at marriage; and that in case Joseph should die before coming “to the age of *566 21 years or have lawful issue” his share should revert to the plaintiff. The bill further claims that Catherine forced Joseph to marry her when he was a minor, and that she encouraged him to excesses which caused his early death, but after the age of twenty-one; that she induced him to make a will in her favor when, diseased in mind and body, he was about to die, and that she is now holding the share of the estate rightfully belonging to the plaintiff as surviving contingent legatee.
James Parsons for plaintiff.
Thomas Bee for defendant.
April 11, 1768. Demurrer of Catherine Spry claims that Joseph became possessed of his share at the age of twenty-one, and therefore the part of the will of Royal Spry making any further disposition of it is void; that the “or” in the condition should be taken as conjunctive, for the reason that it would be inequitable to allow the children of Joseph to be excluded had he died before the age of twenty-one, as might have happened if the “or” is made disjunctive.
Answer of Catherine admits the main facts but claims her motives in marrying Joseph were just and that she risked losing his fortune by marrying him before he became of age; she disclaims any connection with the making of his will and claims that he was in his right mind when he signed it.
June 6, 1768. Ordered that, Catherine having married again, the suit be carried on against her and her husband as “Thomas Osborne and Catherine his wife, late Catherine Spry.”
July 22, 1768. Decree dismissing suit on the grounds of the demurrer.
August 5, 1768. Appeal to Privy Council in Great Britain because the demurrer and the answer did not cover several important points, and because the plaintiff should have been allowed to prove the intention of the testator. Affidavit by plaintiff that the matter in dispute is of £300 value and upwards.
(Bundle 1767-1770)